Henry **NETTLETON**, Defendant Below, **Appellant,**

v.

**STATE** of Delaware, Plaintiff Below, **Appellee.**

Supreme Court of Delaware.

April 3, 1974.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant appeals from a Rule 35 * ruling sustaining his conviction of possession and sale of marijuana. The sole issue on appeal is whether the Superior Court committed error in refusing to hold that the defendant had been denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

The pertinent facts are these:

The defendant and a co-defendant were represented from the time of arraignment until the day of trial by an Assistant Public Defender. On the day of trial, the case was reassigned to another Assistant Public Defender. At the call of the calendar, the State announced that it was ready for trial; no objection or request for a continuance was made by the Public Defender's Office. Shortly before the drawing of the jury, the Assistant Public Defender asked for a continuance, explaining that he was just assigned to the case and was not prepared to proceed to trial. When asked by the Trial Judge how the Calendar Judge had ruled, the Assistant Public Defender mistakenly answered that the case had been ordered for trial. The Trial Judge stated that he would abide by that decision. The case was thereupon tried and the defendant convicted.

The defendant now contends that his counsel did not have sufficient time to prepare and plan trial strategy; that, therefore, he was denied effective assistance of counsel. He alleges neither that counsel was incompetent, Harris v. State, Del. Supr., 293 A.2d 291 (1972), nor that unavailable witnesses were not subpoenaed. Compare Merritt v. State, Del.Supr., 219 A.2d 258 (1966).

We find the defendant's constitutional contention unsupported. The record shows no prejudice to the defendant by reason of the tardy assignment. In the absence of a showing of prejudice, the constitutional argument here presented must fail.

Late assignment of counsel, while potentially unfair and prejudicial to the rights of defendants, has never been held to be grounds for reversal *per se*. The Supreme Court said in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970): (399 U.S. at 54, 90 S.Ct. at 1982)

"* * * the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel. * * *."

---

* Superior Court Criminal Rule 35(a) provides in pertinent part:

"Any person who has been sentenced by the court may apply by motion for post-conviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) that the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; * * *."

It is unfortunate if this case proceeded to trial as the result of misunderstanding. Nevertheless, a last minute transfer of the case from one Assistant Public Defender to another, without more, is not sufficient ground for a finding of ineffective assistance of counsel. The case was not transferred from one "law office" to another. Presumably, the file of the case was complete and ready for use by the substituted Assistant. We take judicial notice of the necessity for, and the practice of, last minute assignments among deputies in the interest of prompt justice and by reason of exigencies in the offices of the Public Defender and the Attorney General. It is one of the requirements of the office that a deputy be qualified for such emergency action.

Accordingly, we hold that the defendant's Sixth and Fourteenth Amendment rights were not violated. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Affirmed.