Anthony STEVENSON,
Defendant-Appellant,

v.

STATE of Delaware, Plaintiff-Appellee.

Supreme Court of Delaware.

Submitted: March 16, 1983.

Decided: Oct. 27, 1983.

Gerald I.H. Street (argued), and Kenneth R. Abraham, Dover, for defendant-appellant.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for plaintiff-appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

HORSEY, Justice:

Defendant's convictions of Kidnapping First Degree, Rape First Degree and Robbery Second Degree have been previously affirmed by this Court.[1] He now appeals the Superior Court's denial of his motion for postconviction relief, seeking a new trial on the ground that the Trial Court applied an inappropriate standard for determining the constitutional competency of trial counsel. Specifically, defendant questions the degree of prejudice which an individual must show to establish a Sixth Amendment denial of right to counsel.

## I

Defendant filed a Superior Court Criminal Rule 35(a) motion[2] for postconviction relief, charging that his trial attorney: (1) failed to file a pretrial motion to suppress certain statements alleged to have been made by defendant after he had been arrested; (2) advised defendant not to take the witness stand and testify in his own behalf; (3) failed to make adequate preparation for trial; (4) failed to request a psychological examination of the defendant; (5) failed to request special voir dire questions concerning racial prejudice; (6) failed to file any Superior Court Criminal Rule 16 discovery requests; (7) failed to interview and call all available alibi witnesses; (8) was prejudiced against the defendant due to prior arguments with him; (9) failed to move for a mistrial or ask for a cautionary instruction after the prosecutor commented on defendant's failure to testify; (10) failed to ask for special instructions on the issue of the victim's identification testimony; (11) failed to object to the chain of custody in connection with the State's exhibits; and

1. *See Stevenson v. State,* Del.Supr., 435 A.2d 1045, McNeilly, J. (July 14, 1981) (ORDER).

2. Superior Court Criminal Rule 35(a) provides in pertinent part:

    (a) *Postconviction Remedy.* Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States. . . .

(12) engaged in improper friendly conversation with opposing counsel during trial recesses.

After an evidentiary hearing on the above charges, the Motion Judge (who had been the Trial Judge) found that Stevenson's defense was "at least adequate under the circumstances" because the alleged errors did not affect the outcome of defendant's trial. Defendant objects to the Court's application of an "outcome determinative" standard; he argues that the proper test is whether the ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of his defense. We reject defendant's proposal and hold that the Trial Judge, in evaluating defendant's ineffectiveness claim, applied the correct standard for determining prejudice arising from counsel's alleged incompetence.

## II

The test for constitutional competency of counsel in this State is "whether under all the circumstances of the particular case, trial counsel was so incompetent that the accused was not afforded genuine and effective legal representation." *Harris v. State,* Del.Supr., 293 A.2d 291, 293 (1972). This "totality of the circumstances" test has two prongs. The first prong requires demonstration by the defendant that counsel's conduct fell measurably below the conduct expected of reasonably competent criminal defense counsel. *Renai v. State,* Del.Supr., 450 A.2d 382, 384 (1982). The second prong requires proof of prejudice to the defendant. *Renai, supra,* at 384. *See Nettleton v. State,* Del.Supr., 320 A.2d 743 (1974).

Defendant's appeal requires this Court to articulate, for the first time, the degree of prejudice that a defendant must show to meet the second prong of the competency test. Today we approve the standard applied by the Trial Judge and advocated by the State on appeal.

The standard adopted by the Trial Court was aptly set forth in *United States v. Decoster,* D.C.Cir., 624 F.2d 196 (1976) (en banc), *cert. denied,* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 311 (1979). There, the Court rejected a *per se* approach to establishing ineffective assistance of counsel claims and ruled:

> The accused must bear the initial burden of demonstrating the likelihood that counsel's inadequacy affected the outcome of the trial. Once the appellant has made this initial showing, the burden passes to the government, and the conviction cannot survive unless the government demonstrates that it is not tainted by the deficiency, and that in fact no prejudice resulted.

*Id.* at 208. *See also Washington v. Strickland,* 5th Cir., 693 F.2d 1243 (1982). In applying the *Decoster* standard to defendant's claims, we find that defendant was not denied constitutionally effective assistance of counsel and that his allegations were properly rejected by the Trial Court for the following reasons.

## III

Defendant claims that counsel failed to file a pretrial suppression motion based on defendant's contentions: (1) that probable cause did not exist for his arrest; and (2) that his statements to the police were involuntary due to his intoxication at the time of arrest and subsequent physical abuse by the investigating officers. Since defendant offered no evidence to support these allegations, he failed to present a substantial legal foundation for the omitted motion. Accordingly, we find trial counsel properly exercised his professional judgment in not seeking a motion to suppress and that defendant was not prejudiced thereby.

As to defendant's claim that he was persuaded not to testify by his attorney: The record shows that counsel, in defendant's presence and without objection, informed the Trial Judge that defendant would not take the witness stand. In his post-trial motion for relief, however, defendant does not make a tender of proof of the testimony he failed to present, or the

potential impact such testimony would have had on the outcome of his trial. This lack of proof is fatal to defendant's claim.

■ Similarly, defendant's complaints concerning pretrial preparation, discovery, challenges to the chain of custody of the State's exhibits, and a psychiatric examination are not supported by evidence which would allow the Court to conclude that the trial's outcome would be affected.

■ Defendant has not shown any effect on the outcome of his trial by counsel's failure to request voir dire on the issue of racial prejudice against a black person. We note, as did the Superior Court, that the jury in defendant's case included several black jurors and that defendant's conviction was based on a unanimous verdict.

■ We uphold the Trial Court's conclusion that no error resulted from counsel's failure to request special instructions on the victim's identification testimony. The victim was cross-examined extensively concerning her ability to identify defendant and the matter was fully argued to the jury by counsel for both sides.

■ We find that the defendant has failed to show that an objection by counsel to the prosecutor's remark in summation that "the defendant cannot deny there was running" would have affected the outcome of his trial. In fact, we agree with the Trial Court's observation that "if the summation had been interrupted to correct the error, defendant's failure to testify would have been specifically mentioned and thereby emphasized. . . ."

■ Finally, we find no evidence of prejudice in connection with defendant's remaining claims that trial counsel purposely mishandled his case in retaliation for a prior disagreement, or that his attorney was improperly friendly to opposing counsel during recesses.

■ In summary, defendant failed to meet the second prong of the competency test which requires proof that counsel's inadequacy affected the outcome of his trial.

We hold, therefore, that the Superior Court did not err in refusing to find a Sixth Amendment constitutional defect in the presentation of the defense in this case.

\* \* \*

Affirmed.