**Philip ROBINSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 6, 1989.

Decided: July 18, 1989.

Philip Robinson, Georgetown, pro se.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for plaintiff below, appellee.

Before HORSEY, MOORE, and HOLLAND, JJ.

PER CURIAM:

Philip Robinson ("Robinson") appeals from a Superior Court order dated January 12, 1989, which summarily denied his application for postconviction relief. In September 1980, following jury trial in Superior Court, Robinson was convicted of first degree robbery and second degree conspiracy. On direct appeal, this Court affirmed.

*Robinson v. State*, Del.Supr., No. 42, 1981, Quillen, J. (Dec. 14, 1981) (Order). Following the affirmance, Robinson filed a motion for new trial in Superior Court based on newly discovered evidence. Superior Court denied this motion and, on appeal, this Court affirmed the denial. *Robinson v. State*, Del.Supr., No. 316, 1982, Horsey, J. (April 19, 1983) (Order).

In October 1988, Robinson filed a nonconforming document styled motion for new trial, grounded on the failure of the trial court to instruct the jury concerning defendant's failure to testify. Superior Court, by order dated October 25, 1988, summarily denied defendant's motion. Without agreeing with the merits of defendant's claim, the court found defendant's motion barred on multiple grounds of waiver: waiver at trial for failure to request an instruction; failure to raise the issue on direct appeal; and failure to raise the issue on first motion for new trial.

Without appealing that order, Robinson filed the current postconviction relief application in December 1988. He now asserts a claim of ineffective assistance of counsel at trial, attributable (a) to counsel's failure to request a jury instruction on Robinson's failure to testify, and (b) to an evidentiary ruling. Superior Court summarily dismissed defendant's application under Superior Court Criminal Rule 61(d)(4) for defendant's procedural default. The court stated:

> All of the matters that you presently raise in your Rule 61 motion for post-conviction relief could have been, if they were not, handled or presented during those prior appeals and motions.

■ We agree with the Superior Court that the appellant was procedurally barred from making the claims in this case. Robinson's filing in October 1988 constituted an application for postconviction relief for which his exclusive remedy lay under Rule 61. Super.Ct.Crim.R. 61(a). Therefore, Robinson was required to include in his application filed in October 1988 all grounds for relief that were available to him. Super.Ct.Crim.R. 61(b)(2). His present claim of ineffective assistance of counsel was available and was known, or should have been known, to Robinson at the time of his filing in October 1988. In order to raise the issues in his present petition, Robinson was required to show that consideration of the claim was warranted in the interests of justice. Super.Ct. Crim.R. 61(i)(2). Robinson failed to make this showing. Robinson also made no showing of cause for relief from his procedural default and prejudice from any claimed violation of his rights. Super.Ct. Crim.R. 61(i)(3). Hence, Superior Court was correct in ruling that his present claim was barred under Superior Court Criminal Rule 61(i)(2).

■ Even if Robinson's claim were not procedurally barred, his claim fails on the merits to meet the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) that defense counsel's conduct fell below "an objective standard of reasonableness"; and (2) that counsel's action was prejudicial in that, but for counsel's error, there is a reasonable probability that the result would have been different. Robinson failed to respond to the trial court's request that he be more specific in his claim with respect to the failed jury instruction. Robinson's sole response was directed to the evidentiary claim that counsel was ineffective in failing to object to the admission of two shotguns into evidence for lack of adequate authentication under D.R.E. 901. Assuming the claim were valid, it would not have affected the robbery charge. *Whitfield v. State*, Del.Supr., 524 A.2d 13, 16 (1987). The link between the weapons, Robinson, and the crime was established by other evidence, as set forth in this Court's decision on Robinson's direct appeal. Robinson's claim of ineffective assistance of .

counsel is clearly insufficient as a matter of law under *Strickland.*

\*    \*    \*

Affirmed.