# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1304003168 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK13-04-0770-01 Assault 2nd (F) |
| **JAMES A. WILSON,** | ) | RK13-04-0772-01 Police Signal (F) |
| | ) | RK13-04-0779-01 Dr. Right Side (V) |
| Defendant. | ) | RK13-04-0780-01 Red-Veh Stop (V) |
| | ) | RK13-04-0781-01 Unsafe Speed (V) |

## ORDER

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Submitted: May 3, 2018
Decided: June 19, 2018

Upon consideration of Defendant James A. Wilson's ("Mr. Wilson's") Motion for Postconviction Relief, the Commissioner's Report and Recommendation (the "Report"), Mr. Wilson's appeal, the State's response and the record in this case, it appears that:

1.      Mr. Wilson was found guilty, following a jury trial on March 9, 2016 of one count of Assault in the Second Degree, 11 *Del. C.* § 612; one count of Disregarding a Police Signal, 21 *Del. C.* § 4103; one count of Driving on the Wrong Side of the Roadway, 21 *Del. C.* § 4114; one count of Failure to Stop at a Red Light, 21 *Del. C.* § 4108; and one count of Driving at an Unreasonable Speed, 21 *Del. C.* § 4168.

2.      On April 18, 2016, the State filed a motion to declare Mr. Wilson to be

1

an habitual offender pursuant to 11 *Del. C.* § 4214(a). Prior to and at sentencing, Mr. Wilson and his attorney agreed that his prior criminal record qualified him to be sentenced as an habitual offender. Nevertheless, the State and the defense jointly requested to declare Mr. Wilson to be an habitual offender with respect to the charge of Disregarding a Police Officer Signal and not on the Assault charge. Therefore, on September 13, 2016, the Court sentenced Mr. Wilson to a total of seven years incarceration, followed by decreasing levels of probation.

3. Mr. Wilson then filed a timely Notice of Appeal to the Delaware Supreme Court. His Appellate Counsel filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c). In the motion to withdraw, Appellate Counsel represented that he conducted a conscientious review of the record and concluded that no meritorious issues existed. By letter, counsel informed Mr. Wilson of the provisions of Rule 26(c) and attached a copy of the motion to withdraw and his accompanying brief. Mr. Wilson was informed of his right to supplement his attorney's presentation. He, *pro se*, then raised five issues in his appeal to the Supreme Court. Those issues were in large part the same issues he raises in the present motion.

4. After the Supreme Court affirmed this Court's judgment,[1] Mr. Wilson filed his initial postconviction motion on June 12, 2017, and a supplement thereafter. In the interim, Mr. Wilson appealed the Superior Court's denial of his Motion for Appointment of Counsel. On August 25, 2017, the Delaware Supreme Court dismissed that appeal as interlocutory.[2] Next, on November 6, 2017, Mr. Wilson filed

---

[1] *Wilson v. State*, 2017 WL 1535147, at \*4 (Del. Apr. 27, 2017).

[2] *Wilson v. State*, 2017 WL 3686768 (Del. Aug. 25, 2017).

a Motion to Vacate Sentence. This Court denied it on December 1, 2017.[3]

5. After briefing, the Commissioner considered Mr. Wilson's Rule 61 motion. In her Report, she recommended that the Court deny it. The Court has reviewed the Report, the record, and has also considered Mr. Wilson's appeal challenging the Report. His appeal raises no new issues.

**NOW, THEREFORE**, after a *de novo* review of the record in this action, review of the Report, and considering Mr. Wilson's appeal challenging the Report;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A" is adopted by the Court in its entirety. Accordingly, Mr. Wilson's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

_____/s/ Jeffrey J Clark_____
Judge

JJC/dsc
oc:    Prothonotary

---

[3] *State v. Wilson*, Del. Super., ID No. 1304003168, Clark, J. (Dec. 1, 2017) (ORDER).

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1304003168 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK13-04-0770-01 Assault 2nd (F) |
| **JAMES A. WILSON,** | ) | RK13-04-0772-01 Police Signal (F) |
| | ) | RK13-04-0779-01 Dr. Right Side (V) |
| Defendant. | ) | RK13-04-0780-01 Red-Veh Stop (V) |
| | ) | RK13-04-0781-01 Unsafe Speed (V) |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Gregory R. Babowal, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

James A. Wilson, *Pro se*

FREUD, Commissioner
February 14, 2018

The defendant, James A. Wilson ("Wilson"), was found guilty on March 9, 2016 by a jury of one count of Assault in the Second Degree, 11 *Del. C.* § 612; one count of Disregarding a Police Signal, 21 *Del. C.* § 4103; one count of Driving on the Wrong Side of the Roadway, 21 *Del. C.* § 4114; and one count of Failure to Stop at a Red Light, 21 *Del. C.* § 4108; and one count of Driving at an Unreasonable Speed,

21 *Del. C.* § 4168. An Investigative Services Office report was ordered. On April 18, 2016 the State filed a motion to declare Wilson an habitual offender pursuant to 11 *Del. C.* § 4214(a). Prior to and at sentencing, Wilson and his attorney agreed that his prior criminal record qualified him to be sentenced as an habitual offender. The State and the defense made a joint request to the court to sentence Wilson under the habitual statute only on the charge of Disregarding a Police Officer Signal and not on the Assault charge. The Court granted the State's motion and declared Wilson an habitual offender. On September 13, 2016 Wilson was sentenced to a total of seven years incarceration, two of which were as an habitual offender followed by probation.

A timely Notice of Appeal to the Delaware Supreme Court was filed. Wilson's Appellate Counsel filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c). In the motion to withdraw, Appellate Counsel represented that he conducted a conscientious review of the record and concluded that no meritorious issues existed. By letter, counsel informed Wilson of the provisions of Rule 26(c) and attached a copy of the motion to withdraw and accompanying brief. Wilson was informed of his right to supplement his attorney's presentation. Wilson, *pro se*, raised five issues for appeal for the Supreme Court to consider, which the Supreme Court summarized as follows:

> (5) Wilson raises five issues in response to his counsel's Rule 26(c) brief on appeal. First, he contends that his arrest was illegal because the search warrant did not authorize his seizure outside of the Many Things Building. Second, Wilson asserts that evidence was insufficient to prove second degree assault because the jury acquitted him

2

of PDWCF. Third, he contends that the evidence was insufficient to prove a felony charge of disregarding an officer's signal. Fourth, he argues that the evidence was insufficient to prove second degree assault because he lacked the requisite state of mind. Finally, he contends that his trial counsel was ineffective. Because the Court will not consider a claim of ineffective assistance of counsel for the first time on direct appeal, [FN1] we only address Wilson's first four claims.[1]

> [FN1] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008)

The Supreme Court granted the State's motion to affirm as to all of Wilson's claims.[2] Next, Wilson, *pro se,* filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. In his motion, Wilson raises three grounds for relief alleging ineffective assistance of counsel in a variety of ways.

## FACTS

The following is a summary of the facts as noted by the Supreme Court in its opinion on Wilson's direct appeal:

> (3) The trial record fairly reflects that, on April 4, 2013, Dover Police had a warrant to search a business called Many Things located on West Loockerman Street in Dover. The warrant also authorized police to search the persons of James Wilson and Leonard Ingram, the business' owners. When police arrived, neither man was in the building. One of the detectives left the building and

---

[1] *Wilson v. State*, 2017 WL 1535147, at *2 (Del. Supr.).

[2] *Id.* at *4.

3

recognized Wilson standing nearby on the sidewalk next to a car. The detective directed nearby back-up officers to detain Wilson. The back-up officers, who were in full tactical uniform with the word 'POLICE' written on the front and back, pulled their vehicle in front of Wilson's vehicle. They exited their vehicle with their weapons drawn, identified themselves as police officers, and ordered Wilson to stop. Wilson did not stop. Instead, he pulled away from the officers in reverse, backed up his car into a parking lot and then drove away from the officers in the opposite direction. One block later, Wilson ran a red light and broadsided a pick-up truck, injuring the driver.

(4) At the close of the State's evidence, Wilson's counsel filed a motion for a judgment of acquittal, which the Superior Court denied. Wilson then testified at trial that he fled when he saw officers approaching him with guns drawn because he thought they were going to shoot him. His panic led to the car accident, but he asserted that he never intended to assault anyone. The jury convicted Wilson of second degree assault and disregarding an officer's signal, as well as related traffic offenses, but acquitted him of PDWCF.[3]

## WILSON'S CONTENTIONS

In his motion, Wilson raises three grounds of relief as follows:

| | |
|---|---|
| Ground one: | Superior Court lack jurisdiction to try or convict violation 5th, 7th, 14th Amen. Defendant was indicted on |

---

[3] *Wilson*, 2017 WL 1535147, at *1.

4

physical injury and not serious physical injury according to statute for 2ⁿᵈ degree Assault title *11. Del. 612.* Indictment defective see indictment attached see memorandum attached.

Ground two: Ineffective assistance of counsel violation of 6th Amend 7th 14th. Counsel fail to get the indictment dismissed, did not file motion to dismiss, fail to suppress Affidavit of probable cause, and search warrant. See memorandum attached.

Ground three: Ineffective assistance of appealate (sic) counsel violation of 6th Amend 7th 14th. Appeallate (sic) counsel fail to file dismissal of indictment instead filed non-meritorious brief. See memorandum attached.

## DISCUSSION

Under Delaware law, this Court must first determine whether Wilson has met the procedural requirements of Superior Court Criminal Rule 61(1) before it may consider the merits of his postconviction relief claim.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Wilson's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not

[4] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

[5] Super. Ct. Crim. R. 61(i)(1).

apply to the claims raised in his motion. As this is Wilson's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for the procedural fault and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that "undermines the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[7]

To some degree Wilson's first ground for relief is a restatement of the arguments he previously raised in his direct appeal. Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[8] Wilson argued on appeal that there was insufficient evidence to find him guilty of Assault in the Second Degree before and the Supreme Court found his claim meritless. Wilson has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the

---

[6] Super. Ct. Crim. R. 61(i)(3).

[7] Super. Ct. Crim. R. 61(i)(5).

[8] Super. Ct. Crim. R. 61(i)(4).

movant show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[9] Wilson has made no attempt to demonstrate why this claim should be revisited. This Court is not required to reconsider Wilson's claim simply because it is "refined or restated."[10] For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

To the extent, Wilson's first claim can be distinguished from his arguments on direct appeal, Wilson has claimed his Appellate Counsel was ineffective for failing to have raised this claim and that his Trial Counsel was ineffective regarding his second & third claims. To the degree that Wilson's claims are newly raised they allege ineffective assistance of counsel. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Wilson, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are

---

[9] *Maxion v. State,* 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).

[10] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

7

distinct, albeit similar, standards.[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not '[conduct] trials at which persons who face incarceration must defend themselves without adequate legal assistance'[;] [i]neffective assistance of counsel, then, is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings

---

[11] *State v. Gattis*, 1995 Del. Super. LEXIS 399, at *13.

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] 466 U.S. at 687-88; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional

---

[16] 466 U.S. at 694; *see Dawson*, 673 A.2d at 1190; *Accord, e.g., Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Steckel v. State*, 795 A.2d 651, 652 (Del. 2002); *Johnson v. State*, 813 A.2d 161, 167 (Del. 2001); *Bialach v. State*, 773 A.2d 383, 387 (Del. 2001); *Outten v. State*, 720 A.2d 547, 552 (Del. 1998); *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Flamer v. State*, 585 A.2d 736, 753-754 (Del. 1990).

[17] See, *e.g., Outten v. State*, 720 A.2d 547, 552 (Del. 1998); *Righter v. State*, 704 A.2d 262, 263 (Del.1997); *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Skinner v. State*, 1994 Del. LEXIS 84; *Brawley v. State*, 1992 Del. LEXIS 417; *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989). *Accord Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991).

[18] 466 U.S. at 687.

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 Del. Super. LEXIS 399, at *13.

assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

In the case at bar, Wilson attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regards to prejudice, Wilson simply claims that the failure of Trial and Appellate Counsel to raise certain issues was prejudicial. Under the circumstances of the case, Wilson's allegations are meritless. The Supreme Court found no error in the trial. Additionally Wilson was given an opportunity to raise any issues he deemed appropriate on appeal following his Appellate Counsel's motion to withdraw. Wilson did in fact raise several issues. Thus his claims are meritless. The record indicates that Wilson's Trial Counsel did in fact raise all appropriate arguments.[22] He also, contrary to Wilson's claims, did in fact file a motion to dismiss based upon an illegal seizure which the court denied.[23] Wilson has utterly failed to demonstrate prejudice as a result of his Trial or Appellate Counsel's alleged failure. This failure is fatal to Wilson's motion.

---

[21] 466 U.S. at 689; *Dawson,* 673 A.2d at 1190; *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

[22] See Affidavit of Counsel, D.I. 71.

[23] *Id.* Due to an oversight Wilson's Appellate Counsel was not asked by the Court to file an affidavit concerning his representation. After receiving the file I have determined that under the facts of the case, specifically Appellate Counsel's motion to withdraw on appeal and the State's motion to affirm and the Supreme Court granting said motion, that there is no need to delay rendering my report in order to at this late date request an affidavit of Appellate Counsel.

10

*State v. James A. Wilson*
ID No. 1304003168
February 14, 2018

His motion is therefore procedurally barred.[24] Additionally I conclude that his indictment was not flawed and his arguments are also meritless.

## CONCLUSION

After reviewing the record in this case, it is clear that Wilson has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). Consequently, I recommend that Wilson's postconviction motion be ***denied*** as procedurally barred by Superior Court Criminal Rule 61(i)(3) for failure to prove cause and prejudice and Superior Court Criminal Rule 61(i)(4) as previously adjudicated on direct appeal.

/s/Andrea M. Freud
Commissioner

AMF/dsc
oc:   Prothonotary

---

[24] *See, e.g. Wright,* 671 A. 2d at 1356; *Wright v. State,* 1992 Del LEXIS 62; *Brawley v. State,* 1992 Del. LEXIS 417.

11