## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1611017476 |
| | ) | |
| LAMMOT B. SCRUGGS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 21, 2018
Decided: December 14, 2018

**Upon Defendant's Motion for Postconviction Relief: DENIED**

This 14th day of December, 2018, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On July 7, 2017, Scruggs pleaded guilty to Burglary Second Degree, and the Court sentenced him to eight years at Level V, suspended after one year at Level V for eighteen months at Level III. On February 14, 2018, the Court found Scruggs in violation of probation and sentenced him to seven years at Level V with credit for fourteen days served, suspended after two years at Level V for six months at Level IV DOC Discretion.

2. The basis for the Court's finding that Scruggs violated probation was his outright refusal to participate in probation. In the Court's original sentencing order, Scruggs's Level V sentence was suspended on the condition that he

complete 18 months at Level III.[1] According to the probation report, before he was released from Level V, Scruggs informed the Institutional Release officer that he would not comply with his court-ordered probation. He also indicated he would be homeless upon release. After he was released from Level V, Scruggs failed to report to probation and failed to provide his address to probation, even though he is registered as a sex offender and provided an address in connection with that registration.

3. At the violation of probation hearing, Scruggs's attorney admitted that he violated probation. Scruggs conceded he had not reported to probation and by way of explanation he informed the Court that he is "really bad" at probation and does not have a "stable situation," *i.e.* a residence at which he can live while serving probation.[2] Scruggs's attorney suggested he serve a brief period at the violation of probation center at Level IV, followed by a period at Level III.[3] The probation officer who was covering the hearing concurred in that recommendation.[4] Scruggs, however, indicated that he feels he cannot successfully complete probation, and if the Court placed him back in the community on probation he would again refuse to comply with probation.[5]

---

[1] D.I. 17, 19.
[2] *State v. Scruggs*, I.D. 1611017476 (Del. Super. Feb. 14, 2018) (Violation of Probation Transcript) (hereinafter "Tr.") at 4-5.
[3] *Id.* at 3-4.
[4] *Id.* at 4.
[5] *Id.* at 4-8.

4. Because Scruggs was adamant that he would not participate in probation, the Court sentenced him on the violation of probation to seven years at Level V, suspended after two years for six months at Level IV. At the violation of probation hearing and in the sentencing order, the Court indicated it would consider a timely Rule 35 motion to modify Scruggs's sentence if he was willing to engage in community-based probation.[6] Scruggs filed a timely motion to modify his sentence, but did not indicate he was willing to participate in probation. Instead, Scruggs blamed his probation officer and the Court for imposing a harsh sentence and contended he never absconded from probation since he refused to sign up for it before he was released from Level V.[7]

5. In his current Motion, Scruggs argues he is entitled to postconviction relief because (i) his counsel during the violation of probation hearing provided ineffective assistance, and (ii) the sentence imposed was illegal. More specifically, Scruggs argues counsel was ineffective because she conceded that Scruggs absconded, and the sentence was illegal because his original sentence "doesn't stipulate the level 3 as a condition of the suspension."[8]

---

[6] *Id.* at 8-9; D.I. 25 at 2.
[7] *See* D.I. 29, 31.
[8] D.I. 32.

## ANALYSIS

### A. Procedural Bars to Scruggs's claims

6.     Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the Motion procedurally is barred under Rule 61.[9]  A motion for postconviction relief may be barred for timeliness and repetition, among other things.  A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[10]  A defendant also is barred from filing successive motions for postconviction relief.[11]  The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[12]  Finally, the rule bars consideration of any ground for relief that previously was adjudicated in the case.[13]

7.     Scruggs's Motion was filed less than a year after he was sentenced for violating probation, and it therefore is timely.  This is Scruggs's first motion for postconviction relief, and the Motion therefore is not barred as successive. Scruggs's claim of ineffective assistance of counsel could not be raised at an

---

[9] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] *Id.* 61(i)(2); s*ee id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[12] *Id.* 61(i)(3).
[13] *Id.* 61(i)(4).

4

earlier stage in the proceedings.[14] As to Scruggs's claim that the sentence was illegal, Rule 61 is not the proper mechanism to raise such a motion. A motion to correct an illegal sentence should be raised under Rule 35.[15] Rather than requiring Scruggs to go through the exercise of filing an additional motion, and for the sake of efficient judicial review, the Court will address his illegal sentence argument below.

**B. Scruggs has not shown counsel was ineffective.**

8.     Scruggs contends his assigned counsel during the violation of probation hearing was ineffective because she conceded that Scruggs absconded from probation.[16] To prevail on a postconviction claim for ineffective assistance of counsel, the defendant must show: (i) "counsel's conduct fell measurably below the conduct expected of reasonably competent criminal defense counsel,"[17] and (ii) "counsel's action was prejudicial in that, but for counsel's error, there is a reasonable probability that the result [of the case ] would have been different."[18]

9.     Scruggs does not explain how counsel's concession that Scruggs absconded from probation fell below the objective standard of reasonableness.

---

[14] *Whittle v. State*, 2016 W
1 2585904 (Del. Apr. 28); *State v. Evans-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[15] Super. Ct. Crim. R. 35(a). Such a motion would not be time-barred, unlike a motion to modify filed under Rule 35(b).
[16] D.I. 32 at 3.
[17] *Stevenson v. State*, 469 A.2d 797, 799 (Del. 1983) (internal citations omitted).
[18] *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989).

There is a strong presumption that counsel's representation was reasonable.[19] Scruggs himself conceded on the record that he had not reported to probation or provided his address to probation. Accordingly, counsel had little avenue to contest the fact of the violation. To the extent Scruggs is arguing that he did not violate probation because probation was not a required element of his sentence, that argument is fallacious. As explained below, the suspension of Scruggs's eight-year Level V sentence was conditioned on his compliance with probation.

### C. Scruggs's sentence was not illegal.

10. Scruggs does not elucidate the basis for his argument that his sentence was illegal beyond stating his "original sentence was [eight] years suspended for [one] year Level 5 followed by [eighteen] months level 3," and "[t]his sentence doesn't stipulate the level 3 as a condition of the suspension."[20] Scruggs appears to be arguing that the Court could not find him in violation because the Level III probation was not a condition of the Court's decision to suspend seven years of his Level V sentence. Scruggs's argument is counterfactual; the Court's sentencing order dated July 7, 2017, reads "The defendant is placed in the custody of the Department of Correction for [eight] year(s) at supervision level 5[,] suspended after [one] year[] at supervision level 5 for [eighteen] month(s) [at] supervision

---

[19] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[20] D.I. 32 at 3.

level 3."[21]  This language unambiguously conditioned the suspension of Scruggs's Level V sentence upon completion of 18 months at Level III.  The fact that Scruggs refused to sign up for probation therefore was a violation of the Court's sentencing order and formed a valid basis for the Court's finding and sentence.

For all the foregoing reasons, Lammot Scruggs's Motion for Postconviction Relief is **DENIED. IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Renee Hrivnak, Deputy Attorney General
       Lammot B. Scruggs, *pro se*, SBI 296771

---

[21] D.I. 17 at 1.  The Court issued a modified sentencing order on October 9, 2017 addressing restitution.  That sentencing order contains language identical to that quoted above.  *See* D.I. 19.