# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1702009428 |
| | ) | 1701019682 |
| DANIEL M. WOODS, | ) | 1702009077 |
| | ) | |
| Defendant. | ) | |

Submitted: October 23, 2019
Decided: January 29, 2020

## ORDER DENYING DANIEL M. WOODS' MOTION FOR POSTCONVICTION RELIEF

This 29th day of January, 2020, upon consideration of the Motion for Postconviction Relief (the "Motion") filed by Daniel M. Woods, the State's and counsel's responses thereto, the record in this matter, and the applicable legal authorities, including Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"), it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On September 28, 2017, a jury found Woods guilty of Receiving Stolen Property and Selling Stolen Property.[1] In a separate trial held on January 5, 2018, a jury found Woods guilty of Burglary Second Degree, Theft, Criminal Mischief,

---

[1] I.D. No. 1701019682, D.I. 14.

Disregard of Police Signal, Resisting Arrest, and Carrying a Concealed Deadly Weapon ("CCDW").[2]

2. Before Woods was sentenced, the State filed a petition to declare him a habitual offender under 11 *Del. C.* § 4214(a). In its petition, the State relied on the following convictions: (1) a Burglary Second Degree conviction from March 29, 1990; and (2) two Burglary Second Degree convictions from February 9, 2005. Based on those previous violent felony convictions, the State sought sentencing pursuant to 11 *Del. C.* § 4214(d) for Woods' new Burglary Second conviction.[3]

3. Woods was sentenced on April 27, 2018. At sentencing, Woods' Trial Counsel stated he had no good faith basis to oppose the State's habitual offender petition, and the Court declared Woods a habitual offender. The Court then sentenced Woods as follows: (1) as to Burglary Second Degree, fourteen years at Level V; and (2) as to Receiving Stolen Property, two years at Level V Key, suspended after successful completion of Level V Key for one year at Level IV DOC Discretion, suspended after six months for twelve months at Level III.[4] As to the remaining charges of which Woods was convicted, the Court suspended all Level V time for probation. Woods appealed, and on February 14, 2019, the Delaware

---

[2] I.D. No. 1702009428, D.I. 28.

[3] I.D. No. 1702009428, D.I. 33.

[4] I.D. No. 1702009428, D.I. 36, 37, 39. Under 11 *Del. C.* § 4214(d), the minimum mandatory sentence on Woods' Burglary Second charge was eight years.

Supreme Court issued an order affirming Woods' convictions.[5] The Supreme Court issued its mandate on March 6, 2019.[6]

4. On July 29, 2019, Woods filed the pending Motion for Postconviction Relief, along with a Motion for Appointment of Counsel (the "Motion for Counsel").[7] The Court denied Woods' Motion for Counsel and entered an order setting a briefing schedule on Woods' Motion.[8] Woods' Motion advanced three claims: (1) the State violated his constitutional rights by moving to declare him a habitual offender on the basis of two simultaneous convictions that did not satisfy the requirements of the habitual offender statute; (2) the State violated his constitutional rights by seeking to declare him a habitual offender on a charge for which he was found not guilty; and (3) Woods' trial and appellate attorneys were ineffective in failing to raise those issues at sentencing and on appeal. Because Woods' Motion advanced a claim for ineffective assistance of counsel, the Court ordered Woods' trial counsel, Matthew Buckworth, Esquire (hereinafter, "Trial Counsel"), and his appellate counsel, Santino Ceccotti, Esquire (hereinafter, "Appellate Counsel"), to respond by affidavit to Woods' Motion. The Court also afforded the State an opportunity to respond to the Motion and gave Woods a

---

[5] *Woods v. State*, 2019 WL 643862 (Del. Feb. 14, 2019).
[6] I.D. No. 1702009428, D.I. 57.
[7] I.D. No. 1702009428, D.I. 59, 60.
[8] I.D. No. 1702009428, D.I. 65, 66.

3

deadline to reply to those submissions. After receiving Trial Counsel's affidavit, the State's response to the Motion, and Woods' reply, the Court took the Motion under advisement.[9]

## ANALYSIS

### A. Procedural Bars to Woods' Claims

5. Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[10] A motion for postconviction relief may be barred for timeliness and repetition, among other things. A Rule 61 motion is untimely if it is filed more than one year after a final judgment of conviction.[11] A defendant also is barred from filing successive motions for relief under the Rule.[12] The Rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[13]

---

[9] Appellate Counsel did not file an affidavit responding to the Motion. After reviewing the record, the Court concludes an affidavit from Appellate Counsel is not necessary to resolving the Motion.
[10] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] Super. Ct. Crim. R. 61(i)(1).
[12] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[13] *Id.* 61(i)(3).

Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[14]

6.      Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based upon claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[15] Rule 61(d)(2) requires that the movant plead with particularity that (i) new evidence exists that creates a strong inference that the movant actually is innocent in fact of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid. Woods' Motion timely was filed. This is Woods' first motion for postconviction relief, and the Motion therefore is not barred as successive. Woods' first two arguments – that his designation as an habitual offender was improper constitutionally and statutorily – technically are barred as issues that could have been, but were not, raised during sentencing or on direct appeal.[16] But, those issues remain relevant as they form the basis for Woods' ineffective assistance claim.

---

[14] *Id.* 61(i)(4).

[15] *Id.* 61 (i)(5).

[16] *See id.* 61(i)(3). Woods does not argue cause for relief from the procedural default or that the bars are inapplicable in his case.

5

Woods' ineffective assistance claim could not be raised at trial or on direct appeal from his conviction, and the Court therefore may consider the merits of that claim.[17]

**B.    Woods' Ineffective Assistance of Counsel Claim**

7.    Woods argues Trial and Appellate Counsel were ineffective in failing to oppose his designation as a habitual offender or appeal that designation to the Delaware Supreme Court.  Woods argues his habitual offender designation was improper for two reasons: (1) the State's habitual offender petition relied, in part, on two Burglary Second Degree convictions for which Woods simultaneously was convicted and sentenced; and (2) the State's petition sought to designate Woods as a habitual offender on a charge for which he was found not guilty.  As to the first issue, Woods argues the State moved to declare him a habitual offender under 11 *Del. C.* § 4214(a) and relied on the two 2005 Burglary Second Degree convictions as distinct felonies, rather than as a singular conviction.  As to the second issue, Woods points out that the State's petition listed Criminal Action No. 17021278 as the charge for which the State sought a habitual offender designation.  That criminal action number, however, relates to a charge for which Woods was found not guilty.

8.    In order to prevail on a claim for ineffective assistance of counsel, Woods must satisfy the *Strickland* test, that is that (i) "counsel's conduct fell measurably below the conduct expected of reasonably competent criminal defense

---

[17] *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

6

counsel[,]"[18] and (ii) "counsel's action was prejudicial in that, but for counsel's error, there is a reasonable probability that the result of the case would have been different."[19]  In the context of sentencing, the second factor of the *Strickland* test considers whether there is a reasonable probability that the outcome at sentencing would have been different had counsel acted with reasonable diligence and skill.[20]

9.     As to Woods' first argument, Trial and Appellate Counsel's representation did not fall below an objective standard of reasonableness because the State's habitual offender petition satisfied the requirements of Section 4214(a) and (d) and counsel therefore had no basis to oppose it.  The State sought to declare Woods habitual under 11 *Del. C.* § 4214(a) on the basis that he previously had been convicted of two Title 11 violent felonies and he was before the Court for sentencing on a third Title 11 violent felony.[21]  The two prior violent felonies the State cited were (1) the Burglary Second conviction in 1990; and (2) the two Burglary Second convictions in 2005.  Woods is correct that his two Burglary Second convictions in 2005 count as a singular conviction for purposes of the habitual offender statute.[22]

---

[18] *Stevenson v. State*, 469 A.2d 797, 799 (Del. 1983) (internal citations omitted).
[19] *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989).
[20] *Harden v. State*, 180 A.3d 1037, 1039 (Del. 2018).
[21] I.D. No. 1702009428, D.I. 33 at 1-2 (listing two prior convictions and seeking sentencing under 11 *Del. C.* § 4214(d)).
[22] *See Hall v. State*, 473 A.2d 352, 356-57 (Del. 1984) (interpreting the habitual offender statute "as applying only to those offenders who have been twice convicted of the specified felonies in prior proceedings where the second conviction took place on account of an offense which occurred after sentencing had been imposed for the first offense.").

7

Put differently, if Woods had not also been convicted of Burglary Second in 1990, the 2005 convictions would not have formed a sufficient basis on which to declare him a habitual offender. But the State did not rely on the two 2005 convictions as distinct convictions. Rather, the State relied on the 1990 conviction as Woods' first violent felony conviction and the 2005 convictions as Woods' second violent felony conviction. Accordingly, Woods' first ineffective assistance claim fails because his counsel had no basis to oppose the petition as statutorily inadequate.

10. As to Woods' second argument, he is correct that a typographical error in the State's motion referred to the wrong criminal action number as the conviction for which the State sought habitual offender designation. The petition made clear, however, that the State sought a habitual offender declaration for Woods' Burglary Second conviction.[23] Although there were several charges before the Court at the time of sentencing, there only was one Burglary Second conviction.[24] The Court's sentencing order makes clear that Woods was declared a habitual offender and sentenced accordingly for Criminal Action No. 17021277, the Burglary Second charge for which he was convicted.

11. Trial and Appellate Counsel's failure to spot and attempt to exploit the State's typographical error did not fall below the objective standard of

---

[23] I.D. No. 1702009428, D.I. 33 at 1-3 (three separate requests that the Court sentence Woods under 11 *Del. C.* § 4214(d) for the Burglary Second Conviction).
[24] *See* I.D. No. 1702009428, D.I. 39 (sentencing order).

8

reasonableness, and if counsel had raised the issue at sentencing there is not a reasonable likelihood the Court would have denied the petition or imposed a different sentence. Rather, the Court would have permitted the State orally to clarify the criminal action number for which it sought to declare Woods a habitual offender. The typographical error did not confuse Woods' counsel or the Court, as it was clear to all involved that the State was seeking habitual offender designation and sentencing on the only Burglary Second charge that was before the Court. Accordingly, Woods' counsel was not ineffective at sentencing or on appeal.

**FOR THE FOREGOING REASONS, IT IS ORDERED** that Daniel M. Woods' Motion for Postconviction Relief is **DENIED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Matthew B. Frawley, Deputy Attorney General
       Matthew Buckworth, Esquire
       Santino Ceccotti, Esquire
       Daniel M. Woods, *pro se* (SBI No. 00164728)

9