Michael RIGHTER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 225, 1996.

Supreme Court of Delaware.

Submitted: Oct. 7, 1997.
Decided: Dec. 15, 1997.
Revised: Dec. 18, 1997.

Kevin J. O'Connell, Wilmington, for Appellant.

Sam Glasscock, III, of the Department of Justice, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en banc.

HARTNETT, Justice.

Appellant Michael Righter appeals the Superior Court's denial of his post-conviction claim of ineffective assistance of trial counsel. The Superior Court correctly found that Righter lacked standing to challenge at trial an alleged constitutional violation of the "knock and announce" rule as it applies to a search conducted pursuant to a valid search warrant. The Superior Court found that, because Righter was not present at the time of the search, he did not have a protected privacy interest in the structure searched and did not have standing to challenge the search. His attorney therefore could not have been ineffective for failing to raise the claim at trial. We **AFFIRM.**

## I.

After a post-conviction Superior Court Criminal Rule 61 hearing, the Superior Court determined the facts surrounding Righter's claim of ineffective counsel at his trial. It found that shortly after 5:00 p.m. on December 19, 1991, the Wilmington Police simultaneously executed two search warrants at two Wilmington city residences: 831 East 26th Street and 932 East 27th Street. Righter resided with his mother and other family members in a bedroom in his mother's residence at the 932 East 27th Street address. At the time of execution of the warrants, Righter was not at his mother's residence but was at the 831 East 26th Street address.

In executing the warrant at the 27th Street residence, Detective Sullivan and Detective McDannell of the Wilmington Police Department approached the door of the house. Detective Sullivan knocked on the door, announced the presence of the police officers, stated they had a search warrant, waited three to five seconds, and then signaled to Detective McDannell to "hit" the door. Detective McDannell hit the door with a sledge hammer which knocked it down.

Upon entry, the police detectives went upstairs to Righter's bedroom where they found Frederick Acosta. He was charged with most of the same offenses as Righter but pled guilty prior to trial. Inside the bedroom, the police found a safe containing

$26,505 in cash and two stolen firearms.[1] Each gun contained ammunition. In Righter's bedroom, the police found cash totaling $1,540, a shoe box containing 192 vials of crack cocaine totaling 12.08 grams, a blue gym bag containing five clear plastic bags containing 501.52 grams of cocaine, and a bag containing empty vials and caps. In a nearby closet, they found two walkie-talkies.

Simultaneously, several blocks away, the police executed a warrant at the 26th Street residence and found Righter therein. They also discovered $1,200 in cash and 21 vials of crack cocaine, containing a total of 1.16 grams.

On June 17, 1992, Righter was convicted of: 1) trafficking in cocaine (more than 500 grams); 2) possession with intent to deliver cocaine; 3) use of a dwelling for keeping controlled substances (cocaine); 4) possession of drug paraphernalia; 5) two counts of possession of a deadly weapon during the commission of a felony; 6) two counts of receiving a stolen firearm; 7) possession of a firearm by a person prohibited; and 8) conspiracy second degree. Righter's convictions were affirmed on direct appeal.[2]

Righter filed a timely motion for postconviction relief pursuant to Superior Court Criminal Rule 61. He argued that his trial counsel was ineffective because he failed to move to suppress evidence seized from the 27th Street address based on an alleged constitutional violation of the "knock and announce" rule.[3] The Superior Court found that Righter lacked standing at trial to have challenged the alleged violation because his privacy interests were not violated. It therefore denied his motion for postconviction relief and this appeal followed.

## II.

This Court reviews the denial of a motion for post-conviction relief under Superior Court Criminal Rule 61 for an abuse of discretion.[4] Questions of law are reviewed *de novo*.[5]

It is well settled that in order to substantiate a claim of ineffective assistance of counsel, Righter must show that his counsel's representation fell below an objective standard of reasonableness, and the deficiencies in his counsel's representation caused him actual prejudice.[6] In this context, the term "prejudice" is defined as " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "[7] The term "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome."[8]

A counsel's representation of a defendant is entitled to a strong presumption that the representation was professionally reasonable.[9] Additionally, to prevail, "the defendant must make concrete allegations of

---

1. One firearm contained a Newark Police Department stamp on it. At trial, the parties stipulated that both guns had been stolen.

2. *Righter v. State*, Del.Supr., No. 304, 1992, Moore, J., 622 A.2d 1097 (Feb. 11, 1993) (ORDER).

3. Righter raised a second ineffective assistance claim, alleging his counsel was ineffective in permitting a photocopy of his indictment to go to the jury which did not sufficiently cover up the exact nature of a prior felony conviction. This claim was rejected and is not the subject of this appeal. See *Righter v. State*, Del.Super., C.A. No. IN92–01–0019–R1 through 0027–R1, IN92–01–1173–41, Herlihy, J., 1995 WL 716858 (Sept. 28, 1995).

4. *Dawson v. State*, Del.Supr., 673 A.2d 1186, 1190 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct.

127, 136 L.Ed.2d 76 (1996); *Bailey v. State*, Del.Supr., 588 A.2d 1121, 1124 (1991).

5. *Dawson*, 673 A.2d at 1190 (citing *E.I. duPont de Nemours & Co. v. Shell Oil Co.*, Del.Supr., 498 A.2d 1108, 1113 (1985)); *Bailey*, 588 A.2d at 1124 (citing *Younger v. State*, Del.Supr., 580 A.2d 552, 554 (1990)).

6. *Dawson*, 673 A.2d at 1190 (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)).

7. *Id.* (quoting *Flamer v. State*, Del.Supr., 585 A.2d 736, 753–54 (1990)).

8. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

9. *Id.* at 689, 104 S.Ct. at 2065; *Dawson*, 673 A.2d at 1196.

actual prejudice and substantiate them or risk summary dismissal." [10]

### III.

■ In ruling upon a motion concerning the suppression of evidence, a court must first determine whether the movant has a right to challenge the search or seizure.[11] If he does not, the inquiry ends and the evidence will not be suppressed.[12] If he does, the court must assess the validity of the police conduct.[13]

■ To challenge a violation of the Fourth Amendment to the United States Constitution prohibition against unreasonable searches and seizures, a person must have standing to raise the issue. "Standing" is a "legitimate expectation of privacy in the invaded place."[14] To be legitimate, the expectation of privacy must be "one that society is prepared to recognize as 'reasonable.'"[15] In focusing on the legitimate expectation of privacy, the courts have not wholly ignored the concept of a property interest in determining whether a protected privacy interest exists.[16]

■ To have standing to seek the exclusion of evidence, based on an alleged violation of the constitutional "knock and announce" rule, a defendant must be among those whose interests have been infringed by the violation.[17] The party asserting the violation bears the burden to establish standing.[18]

■ At common law, a police officer in executing a search warrant was required, prior to forceful entry of a residence, to "signify the cause of his coming, and to make a request to open the door."[19] The Fourth Amendment to the United States Constitution requires the police to announce their presence, authority, and purpose in seeking entry.[20] The purpose behind this requirement is two-fold. First, it protects the privacy of residents by preventing police entry of a home without reasonable warning.[21] This protection is limited, however, to "the right to know who is entering, why he is entering, and a few seconds to prepare for his entry."[22] Second, the rule seeks "to reduce the possibility of danger to the officers and residents that might result if the residents misunderstood the purposes of the entry."[23] Righter concedes that his absence from the residence obviates the need to protect these privacy interests.[24]

10. *Dawson,* 673 A.2d at 1196.

11. *Hanna v. State,* Del.Supr., 591 A.2d 158, 162 (1991).

12. *Id.*

13. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978).

14. *Id.*

15. *Id.* at 143 n. 12, 99 S.Ct. at 430 n. 12 (quoting *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967)).

16. *Id.* at 143 n. 12, 99 S.Ct. at 430 n. 12.

17. *United States v. Zermeno,* 9th Cir., 66 F.3d 1058, 1062 (1995) (citing *United States v. Lockett,* 9th Cir., 919 F.2d 585, 587 (1990)); *State v. Papineau,* 146 Ariz. 272, 705 P.2d 949, 950 (1986).

18. *United States v. Salvucci,* 448 U.S. 83, 95, 100 S.Ct. 2547, 2554, 65 L.Ed.2d 619 (1980); *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980).

19. *Dyton v. State,* Del.Supr., 250 A.2d 383, 385 (1969) (citing *Semayne's case,* 5 Coke Rep. 91, 77

Eng.Rep. 194); *Tatman v. State,* Del.Supr., 320 A.2d 750, 751 (1974); *Gregory v. State,* Del.Supr., 616 A.2d 1198, 1200–01 (1992).

20. *Tatman v. State,* Del.Supr., 320 A.2d 750, 751 (1974) (citing *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963)). This is both a federal and state requirement. *See Ker,* 374 U.S. at 31, 83 S.Ct. at 1628, and *Dyton,* 250 A.2d at 385; Del.Const. Art. 1 § 6.

21. *Tatman,* 320 A.2d at 751; *Looney v. City of Wilmington,* D.Del., 723 F.Supp. 1025, 1030 (1989).

22. *State v. Johnson,* Alaska Ct.App., 716 P.2d 1006, 1010 (1986) (citing *State v. Valentine,* 264 Or. 54, 504 P.2d 84, 87 (1972), *cert. denied,* 412 U.S. 948, 93 S.Ct. 3001, 37 L.Ed.2d 1000 (1973)).

23. *Looney,* 723 F.Supp. at 1030. See *Gregory,* 616 A.2d at 1201 ("the dual purpose of the rule is to protect the privacy of the resident as well as to reduce the possibility of danger to the officers and citizens alike."); *Tatman,* 320 A.2d at 750.

24. Compare *Marvel v. State,* Del.Supr., 290 A.2d 641 (1972) (holding that a search conducted

Righter argues, however, that some courts recognize a third purpose, a property interest that prevents the needless destruction of private property, and that the Superior Court erred as a matter of law in not recognizing this interest when it denied him standing to challenge the alleged violations of the "knock and announce" rule. Righter principally relies on *Wilson v. Arkansas*,[25] and *Commonwealth v. Baker*.[26] In *Wilson*, the United States Supreme Court noted that the common law rule of announcement as it existed prior to the Federal Constitution was "justified in part by the belief that announcement generally would avoid 'the destruction of breaking of any house ... by which great damage and inconvenience might ensue[.]' "[27] However, the Supreme Court's holding was not dependent upon this consideration. The *Wilson* court held that the common law principle of knock and announce is an element of the reasonableness inquiry under the Fourth Amendment and that an unannounced police entry may still be reasonable.[28]

Righter's reliance on *Baker* is also misplaced. In *Baker*, the Pennsylvania Supreme Court confronted the issue of whether the police had to comply with a Pennsylvania "knock and announce" statute when they were informed that the defendant was not home. The court noted that it would be a "useless act" to require the police to knock and announce when the police had knocked on the defendant's door and received no response, had spoken to the defendant's brother outside the house, had stated their purpose, and were then permitted entry.[29] The court did not address whether the defendant had sufficient standing to challenge a constitutional violation based on a property interest in the residence, but held that the police could execute "a search warrant in the absence of the occupant of the premises being searched." [30]

To the extent that courts have recognized the need to protect private property in the context of the rule of announcement, Righter fails to show that he had such an interest. Righter concedes that he is not the owner of the property and only claims a property interest as an occupant of a bedroom in his mother's home. There is no evidence that he ever paid rent or contributed towards the maintenance of the residence. We, therefore, hold that Righter has not met his burden to establish that he has standing based on a property interest.

Righter's reliance on this Court's decisions in *Pierson v. State*[31] and *Hanna v. State*,[32] for the proposition that he has standing, despite his absence during the search, is also misplaced, as the facts in these cases are

while the occupant was not present was not unreasonable and not unlawful, although not addressing the issue of standing).

25. 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995).

26. 361 Pa.Super. 401, 522 A.2d 643 (1987). The issue in *Baker* was whether the police were required to comply with a Pennsylvania Statute, Pa.R.Crim.P. 2007 (Knock and Announce Rule) after they were informed that defendant was not home. The court held that to comply with Pa. R.Crim.P. 2007 would be a "useless act." *Baker*, 522 A.2d at 646 (quoting *United States v. Nolan*, 3rd Cir., 718 F.2d 589, 598 (1983)). This case did not confront the issue of whether a defendant has standing to challenge a constitutional violation of the knock and announce rule when he is not present at the execution of the search.

27. *Wilson v. Arkansas*, 514 U.S. at 934, 115 S.Ct. at 1918 (quoting *Semayne's Case*, 5 Co.Rep. 91a, 91b, 77 Eng.Rep. 194, 196 (K.B. 1603)).

28. *Id.* at 934, 115 S.Ct. at 1918. More recently in *Richards v. Wisconsin*, — U.S. —, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), the United States Supreme Court addressed the issue of whether a blanket exception to the knock and announce rule existed for felony drug investigations. The Court held that "[i]n order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Id.* at ——, 117 S.Ct. at 1421. The Court further noted that to permit a per se exception would render meaningless the knock and announce element of the Fourth Amendment's reasonableness requirement. *Id.*

29. *Baker*, 522 A.2d at 646.

30. *Id.* at 647.

31. Del.Supr., 311 A.2d 854 (1973).

32. Del.Supr., 591 A.2d 158 (1991).

distinguishable. In *Pierson*, this Court applying *Jones v. United States*[33] held that an intermittent overnight guest present during a search had standing to object to the illegality of the search. In *Hanna*, this Court held that a casual overnight guest, not present during a nighttime search, had standing to object to the insufficiency of a night time search warrant issued under 11 Del.C. § 2308. In the case *sub judice*, however, Righter is challenging the method of execution of the valid search warrant.

## IV.

Because Righter was not present at the house at 932 East 27th Street, during the execution of the search and did not have any privacy interest in it, the Superior Court properly held that he lacked standing to challenge a constitutional violation of the "knock and announce" rule under the Federal Constitution Fourth Amendment. The Superior Court therefore properly denied Righter's motion for postconviction relief. The judgment of the Superior Court is **AFFIRMED.**

**33.** 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) (holding that "anyone legitimately on [the] premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him."). Overruled by *United States v. Salvucci,* 448 U.S. 83, 89, 100 S.Ct. 2547, 2551, 65 L.Ed.2d 619 (1980).