# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :      I.D. No. 1504001053B

                                  :      In and for Kent County

             v.                        :

                                  :      RK15-04-0120-01 PFBPP (F)

WILLIAM L. BESSICKS,         :      RK15-04-0121-01 PABPP (F)

                                  :

        Defendant.              :

## ORDER

Submitted: June 18, 2019
Decided: July 2, 2019

On this 2nd day of July, 2019, upon consideration of William Bessicks ("Mr. Bessicks") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. The defendant, William L. Bessicks ("Bessicks"), was found guilty by a jury on June 1, 2016 of one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* § 1448 and one count of Possession of Ammunition by a Person Prohibited, 11 *Del. C.* § 1448. On July 26, 2016, the Court sentenced Mr. Bessicks to a total of eight years incarceration, suspended after serving five years, followed by probation.

3. Mr. Bessicks filed a timely Notice of Appeal to the Delaware Supreme Court. His appellate counsel filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c). In the motion to withdraw, appellate counsel represented that he conducted a conscientious review of the record and concluded that no meritorious issues existed. By letter, counsel informed Mr. Bessicks of the provisions of Rule 26(c) and attached a copy of the motion to withdraw and accompanying brief. The Court informed Mr. Bessicks of his right to supplement his attorney's presentation. Mr. Bessicks, *pro se*, raised one issue for appeal for the Supreme Court to consider. Namely, he argued that the State presented insufficient evidence to support his firearm conviction. The

Supreme Court granted the State's motion to affirm.

4. Next, Mr. Bessicks filed a *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. In his motion, he raises four grounds for relief alleging, in part, ineffective assistance of counsel.

5. On December 4, 2018, the Commissioner filed her Report and Recommendation to deny Mr. Bessicks' Rule 61 Motion. He filed no exceptions to the Report and Recommendation.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated December 4, 2018;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Mr. Bessicks' Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Judge

JJC/jb

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | ID. No. 1504001053B |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK15-04-0120-01 PFBPP (F) |
| WILLIAM L. BESSICKS, | ) | RK15-04-0121-01 PABPP (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Lindsay A. Taylor, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

William L. Bessicks, *Pro se*

FREUD, Commissioner
December 4, 2018

The defendant, William L. Bessicks ("Bessicks"), was found guilty as charged on June 1, 2016 by a jury of one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* § 1448 and one count of Possession of Ammunition by a Person Prohibited, 11 *Del. C.* § 1448. An Investigative Services Office report was ordered. On July 26, 2016 Bessicks was sentenced to a total of eight years incarceration, suspended after serving five years minimum mandatory, due to Bessicks prior criminal history, followed by probation.

A timely Notice of Appeal to the Delaware Supreme Court was filed. Bessicks's

4

Appellate Counsel filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c). In the motion to withdraw, Appellate Counsel represented that he conducted a conscientious review of the record and concluded that no meritorious issues existed. By letter, counsel informed Bessicks of the provisions of Rule 26(c) and attached a copy of the motion to withdraw and accompanying brief. Bessicks was informed of his right to supplement his attorney's presentation. Bessicks, *pro se*, raised one issue for appeal for the Supreme Court to consider, which the Supreme Court summarized as follows:

> (9) On appeal, Bessicks argues there was insufficient evidence to support his PFBPP conviction. Bessicks claims he could not possess a gun his girlfriend told him she gave away. Bessicks also emphasizes that his girlfriend testified the gun belonged to her and that Bessicks never touched the gun.[1]

The Supreme Court granted the State's motion to affirm.[2] Next, Bessicks, *pro se,* filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. In his motion, Bessicks raises four grounds for relief alleging in part ineffective assistance of counsel.

## FACTS

The following is a summary of the facts as noted by the Supreme Court in its opinion on Bessicks's direct appeal:

> (4) The trial record in this case reflects that, on April 2, 2015, Delaware State Police executed search warrants at two residences in Magnolia. One of the residences was a blue mobile home. When the police arrived at the mobile home to execute the search warrant, they found Bessicks, his girlfriend, and several children present.
>
> (5) During the search, the police found a box of ammunition in a plastic bag hanging over the nightstand on the left side of the bed in the master bedroom. There was male clothing on the left side of the bed. The police found a magazine for a .22 caliber handgun under the right side of the mattress. The police found a loaded .22 caliber handgun on the floor of the bedroom closet. At the mobile

---

[1] *Bessicks v. State*, 160 A.3d 471 (TABLE), 2017 WL 1383760 at *2.
[2] *Id.*

5

home, Bessicks told the police the items under the mattress belonged to him. Bessicks' girlfriend told the police, in Bessicks' earshot, that she once had a handgun in the home, but she had given it away to a homeless person in the area.

(6) The police subsequently interviewed Bessicks and his girlfriend at the police station. After receiving *Miranda* warnings. Bessicks told the police he and his girlfriend had the gun because of violence in the neighborhood. He said he knew they should not have the gun in the house, but they had to do something. Bessicks also said his girlfriend got the gun from a junkie and he told her the gun was unnecessary and unwise. According to Bessicks, his girlfriend told him that she gave the gun away. As to the box of ammunition over the nightstand, Bessicks said a friend gave it to him because it was the right type of ammunition for the gun. Bessicks put the box of ammunition in a bag and forgot about it.

(7) Bessicks' girlfriend told the police that the gun and magazine belonged to her. At trial, Bessicks' girlfriend testified that the gun, magazine, and the box of ammunition belonged to her and Bessicks never touched them. Bessicks' girlfriend pled guilty to possession of a gun. She testified that she obtained the gun due to violence in the neighborhood. She admitted that she was not truthful when she told the police at the house that she had given the gun away.

(8) The police did not attempt to collect any fingerprint or DNA evidence from the gun. A certified Superior Court record showing Bessicks' 2005 conviction for Robbery in the Second Degree was admitted into evidence. The jury found Bessicks guilty of PFBPP and PABPP.[3]

## BESSICKS' CONTENTIONS

In his motion, Bessick raises four grounds of relief as follows:

Ground one: Ineffective Assistance Of Counsel. Within trial, counsel Tannehill (sic) neither made any objections or disputed any of the states

---

[3] *Bessicks*, 2017 WL 1383760 at *1-2.

misconduct and misinterpretations.

Ground two:          Prosecutor Misconduct. Within trial, State gave false, misinterpet (sic) & improper presentation and testimony creating misconduct of the overall case.

Ground three:        Selective Prosecution.
Within trial, state showed a selective mind toward prosecuting case 79 Terry rather than looking at the in a whole.

Ground four:[4]       The circumstantial evidence surrounding the (PFBPP) charge under "Constructive Possession" was never proven in its entirety under Del. C 1448. The 3 determining factors that is used to find a defendant guilty was not met altogether.

These claims contain Bessicks arguments in full as he did not file any supporting memorandum.

## DISCUSSION

Under Delaware law, this Court must first determine whether Bessicks has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[5] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[6] Bessicks' motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the claims raised in his motion. As this is Bessicks' initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction

---

[4] This ground has been labeled "four" as it follows Ground three in Bessicks' motion.
[5] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).
[6] Super. Ct. Crim. R. 61(i)(1).

are thereafter barred unless the movant demonstrates: (1) cause for the procedural fault and (2) prejudice from a violation of the movant's rights.[7] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that "undermines the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[8] Neither Bessicks second or third grounds for relief concerning alleged misconduct by the State were raised during the trial or on appeal and are consequently barred by Rule 61(i)(3) for failing to allege cause or prejudice.

To some degree Bessicks' fourth ground for relief is a restatement of the arguments he previously raised in his direct appeal. Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[9] Bessicks argued on appeal that there was insufficient evidence to find him guilty before and the Supreme Court found his claim meritless. Bessicks has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[10] Bessicks has made no attempt to demonstrate why this claim should be revisited. This Court is not required to reconsider Bessicks' claim simply because it is "refined or restated."[11] For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Bessicks' first claim alleges his Trial Counsel was ineffective for failing to have made objections to alleged misconduct by the State. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not

---

[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(5).
[9] Super. Ct. Crim. R. 61(i)(4).
[10] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).
[11] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Bessicks, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards.[12] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not '[conduct] trials at which persons who face incarceration must defend themselves without adequate legal assistance'[;] [i]neffective assistance of counsel, then, is cause for a procedural default.[13]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[14] and adopted by the Delaware Supreme Court in *Albury v. State*.[15]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[16] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[17] In setting forth a claim of ineffective assistance of counsel, a

---

[12] *State v. Gattis*, 1995 Del. Super. LEXIS 399, at *13.

[13] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[14] 466 U.S. 668 (1984).

[15] 551 A.2d 53, 58 (Del. 1988).

[16] 466 U.S. at 687-88; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[17] 466 U.S. at 694; *see Dawson*, 673 A.2d at 1190; *Accord, e.g., Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Steckel v. State*, 795 A.2d 651, 652 (Del. 2002); *Johnson v. State*, 813 A.2d 161, 167 (Del. 2001); *Bialach v. State*, 773 A.2d 383, 387 (Del. 2001); *Outten v. State*, 720 A.2d 547, 552 (Del. 1998); *Skinner v. State*, 607 A.2d 1170, 1172

defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[18]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[19] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[20] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[21] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[22]

In the case at bar, Bessicks attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regards to prejudice, Bessicks simply claims that the failure of Trial Counsel to raise certain issues was prejudicial. Under the circumstances of the case, Bessicks' allegations are meritless. The Supreme Court found no error in the trial. Additionally Bessicks was given an opportunity to raise any issues he deemed appropriate on appeal following his Appellate Counsel's motion to withdraw. Bessicks did in fact raise one issue on appeal. Thus his claims are meritless. The record indicates that Bessicks' Trial Counsel did in fact raise all appropriate

---

(Del. 1992); *Flamer v. State,* 585 A.2d 736, 753-754 (Del. 1990).

[18] See, *e.g., Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Righter v. State,* 704 A.2d 262, 263 (Del.1997); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Skinner v. State,* 1994 Del. LEXIS 84; *Brawley v. State,* 1992 Del. LEXIS 417; *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *Robinson v. State,* 562 A.2d 1184, 1185 (Del. 1989). *Accord Wells v. Petsock,* 941 F.2d 253, 259-60 (3d Cir. 1991).

[19] 466 U.S. at 687.

[20] *Id.* at 697.

[21] *State v. Gattis,* 1995 Del. Super. LEXIS 399, at *13.

[22] 466 U.S. at 689; *Dawson,* 673 A.2d at 1190; *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

arguments.[23] Bessicks has utterly failed to demonstrate prejudice as a result of his Counsel's alleged failure. This failure is fatal to Bessicks' motion. His motion is therefore procedurally barred.[24]

## CONCLUSION

After reviewing the record in this case, it is clear that Bessicks has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). Consequently, I recommend that Bessicks' postconviction motion be ***denied*** as procedurally barred
by Superior Court Criminal Rule 61(i)(3) for failure to prove cause and prejudice and Superior Court Criminal Rule 61(i)(4) as previously adjudicated on direct appeal.


/s/ Andrea M. Freud
Commissioner

AMF/dsc
oc:   Prothonotary

---

[23] See Affidavit of Counsel, D.I. 49.

[24] *See, e.g. Wright, i* 671 A. 2d at 1356; *Wright v. State*, 1992 Del LEXIS 62; *Brawley v. State*, 1992 Del. LEXIS 417.