# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1908019552 |
| | ) | |
| MYRON L. HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: July 31, 2023
Decided: September 19, 2023

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

*Upon Consideration of Counsel's Motion to Withdraw*
**GRANTED.**

David Hume, IV, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Edward F. Eaton, Esquire, Wilmington, Delaware, *Attorney for Myron Hunt (Pending Motion to Withdraw)*

Myron Hunt, 109 Greene Ave., Laurel, DE 19956, *Pro Se.*

**CONNER, J.**

## Introduction

This is the Court's decision on a *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61") filed by Myron Hunt ("Defendant"). Defendants seeks relief for multiple ineffective assistance of counsel claims. Additionally, Defendant's post-conviction appointed counsel has filed a Motion to Withdraw pursuant to Rule 61(e)(7).

## Factual and Procedural Background

On August 29, 2019, Detective Sean Callaway of the Delaware State Police was executing a search warrant at 28183 Seaford Road, Laurel, Sussex County, Delaware. The search warrant was for the residence of Ricky Hawkins. Mr. Hawkins was present at the time of the warrant execution and was subsequently arrested for drug dealing. Mr. Hawkins agreed to assist the police officers with their investigation. Mr. Hawkins allowed the officers access to his cell phone. Detective Callaway, with the assistance of Mr. Hawkins, used the cell phone to contact who they believed to be Defendant via text message. During this conversation, an order of cocaine was placed to be delivered to Mr. Hawkins' residence. The order requested 14 grams of cocaine with no price being discussed. At some point after this text interaction, Defendant arrived at Mr. Hawkins' residence. Defendant was driving a green Crown Victoria and parked in the driveway. After Defendant parked his vehicle two officers pulled behind him and arrested Defendant. As a search

1

incident to the arrest, cocaine was recovered on Defendant's person. Cocaine was also recovered in the gas cap of the vehicle.[1]

On February 12, 2020, Defendant was found guilty by a jury of Drug Dealing in a Tier 2 Quantity Plus an Aggravating Factor of Commission of the Offense in an Automobile and Possession of Drug Paraphernalia. On April 23, 2020, Defendant was sentenced on the drug dealing offense to 25 years of imprisonment, suspended after serving 3 years followed by 18 months of Level III probation and on the Possession of Drug Paraphernalia offense to six months of imprisonment, suspended for 1 year of Level III probation.

Defendant directly appealed his conviction to the Delaware Supreme Court who affirmed the judgment on October 26, 2020. On October 21, 2021, Defendant filed the instant timely Motion for Postconviction Relief and Appointment of Counsel ("the Motion") pursuant to Superior Court Criminal Rule 61.[2] James Murray, Defendant's trial counsel, filed an Affidavit in Response on November 10, 2021. On January 25, 2022, the State filed a response to the Motion. Defendant failed to file a reply brief after being released from prison. Upon realization that Defendant was entitled to Counsel the Court contacted Office of Conflicts Counsel.

---

[1] Tr. of Proceedings, Volume B at 36. The parties stipulated to the facts that Defendant was the person who drove up in the car that day and saw Detective Callaway. The parties also stipulated that Defendant was the same person who was sitting at the defense table during trial.
[2] Del. Super. Ct. Crim. R. 61(i)(1). "A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . ."

Defendant was appointed post-conviction counsel on January 18, 2023, who then filed a Motion to Withdraw on July 3, 2023. On June 30, 2023, appointed counsel notified the Court he informed the Defendant of his Motion to Withdraw and that Defendant had 30 days to respond. Defendant has yet to reply to either the State's Response or to appointed counsel's Motion to Withdraw. The deadline for Defendant to respond has passed. As such, the Court will render decisions based upon the current record, first discussing post-conviction appointed counsel's Motion to Withdraw and then discussing Defendant's Rule 61 Motion.

**Motion to Withdraw as Counsel**

Pursuant to Superior Court Criminal Rule 61(e)(6), appointed post-conviction counsel has a duty to assist Defendant in presenting any substantial ground for relief.[3] If Defendant's counsel identifies any colorable claims for relief, an amended Rule 61 Motion can be filed.[4] However, if after reviewing Defendant's claims, counsel believes the claims "to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any substantial ground for relief . . . counsel may move to withdraw."[5] If counsel decides to file a motion to withdraw, counsel must explain the factual and legal basis behind their opinion and provide notice to

---

[3] Super. Ct. Crim. R. 61(e)(6).
[4] Super. Ct. Crim. R. 61(b)(6).
[5] Super Ct. Crim. R. 61(e)(7).

3

Defendant.[6] Defendant then has 30 days to respond to counsel's Motion to Withdraw.[7]

Here, Defendant's post-conviction counsel engaged in a thorough review of the record, including seeking out any other potential grounds for relief.[8] Counsel concluded Defendant's claims in his Rule 61 Motion have no merit nor does Defendant have any alternative claims for relief.[9]

As of the date of this Order, Defendant has not responded to counsel's Motion to Withdraw and his 30-day deadline to do so has passed. Due to Defendant's failure to respond, the Court is limited to reviewing the *pro se* claims Defendant made in his Rule 61 Motion.[10]

## Motion for Post Conviction Relief[11]

Defendant raises multiple grounds for relief in his Motion. Specifically, Defendant is alleging ineffective assistance of counsel because Mr. Murray: (1) did not file a pretrial "Motion for Suppression of Evidence as preemptive strike against the legality of the state's ability to gather the movant's name, phone number, and

---

[6] *Id.*
[7] *Id.*
[8] Mem. in Support of Mot. to Withdraw as Counsel for Petitioner Myron Hunt at 1.
[9] *Id.*
[10] *State v. Shover*, 2023 WL 3496209, at *3 (Del. Super. May 15, 2023).
[11] The Court can address the merits of Defendant's Motion because none of the procedural bars of Rule 61(i) are applicable.

4

whereabouts";[12] (2) did not set forth the defense of entrapment pursuant to 11 *Del. C.* § 432(a); (3) "never challenged the lack of digital search warrant that led to the discovery of the movant's private information;"[13] and (4) did not "contest the utilization of his illegally seized text messages by and thru [sic] a Motion for Suppression of Evidence, per Superior Court Criminal Rule 12."[14] Defendant's last ground for relief is based on judicial impropriety.

## I.     Ineffective Assistance of Counsel Claims

To be successful on an ineffective assistance of counsel claim, a defendant must prove that his (1) counsel's performance fell below an objective standard of reasonableness and that his (2) counsel's deficient performance resulted in prejudice.[15] In regard to the first prong, the defendant bears a heavy burden when attempting to show trial counsel's representation did not meet an objective standard of reasonableness.[16] A strong presumption that trial counsel's representation was professionally reasonable exists.[17] A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

---

[12] Def. Mot. for Postconviction Relief ¶ 10.
[13] *Id.* ¶ 20.
[14] *Id.* ¶ 25.
[15] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014).
[16] *Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997).
[17] *Id.* at 1178. (quoting *Strickland*, 466 U.S. at 689); *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

by the Sixth Amendment."[18] The second prong requires a defendant to prove that the trial counsel's error resulted in prejudice. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] A defendant must put forth specific allegations of actual prejudice and substantiate them, mere allegations will not suffice.[20] A defendant's failure to state particulars of the prejudice suffered is fatal to a claim of ineffective assistance of counsel.[21]

Defendant's Motion and accompanying Memorandum of Law lay out multiple arguments, with some being difficult to decipher. Overall, it appears that Defendant is arguing his trial counsel, Mr. Murray, was ineffective throughout the entirety of the case by failing to file motions to suppress, failing to raise certain defenses, and failing to draw attention to alleged judicial impropriety. The Court will address each of these issues with the requisite *Strickland* standard in mind.

> ### A. Trial Counsel's Decision Not to File a Motion for Suppression Regarding Information Contained on Ricky Hawkins' Cell Phone Did Not Constitute Ineffective Assistance of Counsel

Defendant's first ground for relief is that Mr. Murray failed to file a motion to suppress the evidence pertaining to Defendant obtained from Ricky Hawkins cell

---

[18] *Strickland*, 466 U.S. at 687.
[19] *Id.* at 694.
[20] *Wright*, 671 A.2d at 1356.
[21] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

phone. Defendant alleges Mr. Murray's lack of filing the motion regarding the state's ability to gather Defendant's name, phone number and whereabouts rendered him ineffective. This assertion must fail on the grounds of standing under the Fourth Amendment of the United States Constitution. To challenge a search and seizure violation under the Fourth Amendment a person must have standing to raise the issue. To have standing, one must have a "legitimate expectation of privacy in the invaded place."[22] A legitimate expectation of privacy is "one that society is prepared to recognize as 'reasonable.'"[23]

Defendant does not have a reasonable expectation of privacy in someone else's cell phone. Defendant's argument that "message by telephone and other means of communicating constitute an extension of his person and/ or property with the meaning of Article I Section 6 of the Del. Const. and the Fourth Amendment to the U.S. Const"[24] is unsupported by Delaware law. Defendant does not have standing to challenge the information obtained from the cell phone. This claim of ineffective assistance of counsel is without merit.

---

[22] *Righter v. State*, 704 A.2d 262, 265 (Del. 1997)(quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).

[23] *Rakas*, 439 U.S. at 143 n.12 (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967)).

[24] Def. Mot. for Postconviction Relief ¶ 24.

*B. Trial Counsel's Decision Not to Raise the Defense of Entrapment Did Not Constitute Ineffective Assistance of Counsel*

Defendant's next claim is that Mr. Murray was ineffective because he did not raise the defense of entrapment pursuant to 11 *Del. C.* § 432. Section 432 states in relevant part:

> (a) In any prosecution for an offense, it is an affirmative defense that the accused engaged in the proscribed conduct because the accused was induced by a law-enforcement official or the law-enforcement official's agent who is acting in the knowing cooperation with such an official to engage in the proscribed conduct constituting such conduct which is a crime when such person is not otherwise disposed to do so. The defense of entrapment as defined by this Criminal Code concedes the commission of the act charged but claims that it should not be punished because of the wrongdoing of the officer originates the idea of the crime and then induces the other person to engage in conduct constituting such a crime when the other person is not otherwise disposed to do so.[25]

Defendant argues that "he <u>would not</u> have otherwise acted if the police had not induced him to do so by sparking, engaging, and facilitating a felonious based conversation."[26] Defendant appears to be arguing that he would not have engaged in the criminal conduct had he known he was going to be caught. That rationale is not the basis for an entrapment defense.

---

[25] 11 *Del. C.* § 432(a).
[26] Def. Mot. for Postconviction Relief ¶ 14.

Defendant also alleges Mr. Murray should've raised the defense of entrapment because the information obtained came from Ricky Hawkins, who was never a "past-proven reliable informant for the arresting police agency."[27] Mr. Hawkins does not need to be established as a reliable informant to voluntarily assist the police in their investigation.

Additionally, the key language in 11 *Del. C.* § 432(a) is "when such person is not otherwise disposed to do so." Here, Defendant does not fit within that language. Defendant has past criminal convictions involving possession and distribution of drugs including Possession with Intent to Deliver Schedule I Non-Narcotic Controlled Substance, Deliver Schedule I Non-Narcotic Controlled Substance, and Possession of Drug Paraphernalia.[28] Also, at the time of this case, Defendant had pending charges in this Court for 3 counts of Manufacture/Deliver or Possess with Intent to Manufacture/Deliver a Controlled Substance.[29] Defendant was not entrapped by the police in this situation, but rather carrying out what he thought was yet another drug transaction. The defense of entrapment would not have been applicable to Defendant's situation. Therefore, it was not unreasonable for Mr.

---

[27] *Id.* ¶ 15.
[28] Pretrial Bond Report at 1.
[29] *Id.*

9

Murray to decide not to raise the defense. This claim of ineffective assistance of counsel is also without merit.

### C. Trial Counsel's Decision Not to Challenge a Lack of Digital Search Warrant Did Not Constitute Ineffective Assistance of Counsel

Defendant's next claim is that Mr. Murray was ineffective because he did not challenge the fact that the "raiding policemen at 'Rickey's' house had to apply for and produce a <u>digital search warrant</u> for the search of the cell phone."[30] As discussed above, Defendant does not have standing to argue the legality of the search of Mr. Hawkins' cell phone. Defendant was not the owner of the cell phone, nor did he have a reasonable expectation of privacy in the contents of the cell phone. Additionally, Mr. Hawkins gave the police permission to access his cell phone, so no search warrant was needed. It was not unreasonable for Mr. Murray to decide against raising a lack of search warrant issue here. This claim for ineffective assistance of counsel fails.

### D. Trial Counsel's Decision to Not Raise a Violation of Privacy Argument Did Not Constitute Ineffective Assistance of Counsel

Defendant next argues that Mr. Murray was ineffective because he did not argue that the police violated Defendant's privacy pursuant to 11 *Del. C.* § 1335. Section 1335 reads in relevant part: "(a) A person is guilty of violation of privacy

---

[30] Def. Mot. for Postconviction Relief ¶ 18.

when, except as authorized by law, the person: (4) Intercepts without the consent of all parties thereto a message by telephone, telegraph, letter or other means of communicating privately, including private conversation . . ."[31]

The text messages between Defendant and Ricky Hawkins were not intercepted by the police. After the search warrant was executed at Mr. Hawkins' residence and he was Mirandized, he agreed to assist the police with their investigation.[32] In doing so, he provided the officers with access to his cell phone.[33] This access included reading and responding to text messages.[34]

Since the investigating officers obtained permission to access the contents of Ricky Hawkins phone there was no interception of the communications, and therefore no violation of privacy. However, even if the police obtaining access to the cell phone contents did constitute an interception of communications, it was lawful pursuant to 11 *Del. C.* § 2402(c)(3).[35] The police were conducting an investigation

---

[31] 11 *Del. C.* § 1335(a)(4).
[32] Tr. of Proceedings, Volume B at 23.
[33] *Id*. at 23-26.
[34] *Id.*
[35] 11 *Del. C.* § 2402(c)(3) states in full, "For an investigative or law-enforcement officer acting in a criminal investigation or any other person acting at the prior direction and under the supervision of an investigative or law-enforcement officer in such investigation pursuant to a court order issued by the Superior Court pursuant to § 2407 of this title to intercept a wire, oral or electronic communication in order to provide evidence of the commission of the offenses including racketeering, murder, kidnapping, human trafficking, gambling, robbery, bribery, extortion, dealing in narcotic drugs or dangerous drugs, dealing in central nervous system depressant or stimulant drugs, controlled substances or counterfeit controlled substances, prison escape, jury tampering, stalking, any felony involving risk of physical injury to a victim or any

that pertained to drugs. The contents of Ricky Hawkins' cell phone were intercepted, viewed, and/or relied upon as part of the criminal investigation in a legal manner. Again, there was no violation of privacy. Since this argument of violation of privacy was without merit, it was not unreasonable for Mr. Murray to decide against raising the argument at trial. Therefore, this ineffective assistance of counsel claim must fail.

### E. Trial Counsel's Failure to Raise the Issue of Judicial Impropriety Did Not Constitute Ineffective Assistance of Counsel

Although not exactly framed as an ineffective assistance of counsel claim, Defendant's last allegation will be addressed to the best of the Court's ability. Defendant alleges the trial judge had an inappropriate relationship with the prosecutor which created a conflict of interest and "destroyed the sanctity of the movant's opportunity for a fair trial."[36]

Defendant does not offer any facts beyond him claiming "[t]he allegations presented herein are not merely conclusory and cursory, but rather based upon the public record" to support his frivolous allegation. Absolutely no facts exist that suggest the trial judge was engaged in an inappropriate relationship with the

---

conspiracy or solicitation to commit any of the foregoing offenses or which may provide evidence aiding in the apprehension of the perpetrator of any of the foregoing offenses."

[36] Def. Mot. for Postconviction Relief ¶ 33.

prosecutor. It was clearly reasonable and appropriate for Mr. Murray to decide against raising this issue as it lacked any factual basis. This last claim of ineffective assistance of counsel fails.

## Conclusion

After a thorough review of Defendant's Motion for Post Conviction Relief, counsel's Memorandum in Support of Motion to Withdraw as Counsel, and the remaining record it is clear to the Court that Defendant is not entitled to any relief. Defendant has failed to show his trial counsel's performance fell below an objective standard of reasonableness nor has Defendant shown he suffered any prejudice due to his trial counsel's decisions. Furthermore, Defendant's post-conviction appointed counsel engaged in an in-depth analysis of Defendant's claims and reached the conclusion that Defendant's claims are without merit. Accordingly, counsel's Motion to Withdraw is **GRANTED** and Defendant's *pro se* Motion for Post Conviction Relief is **DENIED.**

    **IT IS SO ORDERED.**


/s/ Mark H. Conner
_____
Mark H. Conner, Judge


cc: Prothonotary