# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 2410001496 |
| FRANK J. SCHULTZ, SR., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  May 12, 2025
Decided:  May 27, 2025

## <u>ORDER</u>

*Upon Defendant's Motion to Suppress*

## DENIED

**1.**      Defendant Frank J. Schultz, Sr. filed a motion to suppress evidence resulting from a search of real estate he owns, and which adjoins his domicile, but which is leased to a third party.  Because Defendant lacks standing to object to the search of the property and seizure of evidence therefrom, Defendant's motion is **DENIED.**

**2.**      On October 3, 2024, the Justice of the Peace Court issued a warrant authorizing the search for and seizure of firearms and ammunition located at "3576 Walnut Shade Rd., Camden Wyoming, Kent County Delaware . . . [a] single story brick home with a long stone driveway on the southwest side of same."[1]  Per the warrant's description, "[t]here is a detached garage located to the east of the property.  The garage contains white vinyl siding and red painted cinder block."[2]

---

[1] Mot. to Suppress Ex. A, 1, 3.
[2] *Id.* at 3.

Upon executing the warrant, Delaware State Police located a firearm concealed under brush in relative proximity to the detached garage.

3. On March 26, 2025, Defendant moved to suppress "any evidence, including statements, obtained as a result of the illegal search and seizure of the Defendant."[3] Defendant's motion does not dispute (nor did defense counsel at oral argument dispute) that probable cause existed for the October 3, 2024, warrant. Rather, Defendant contends that the search that yielded the gun exceeded the scope of the warrant. Per Defendant, the "[o]fficers failed to realize that the northeast portion of the property, where the gun was located, was not on 3576 Walnut Shade [Road], but instead was on the property of 3570 Walnut Shade Road."[4] Defendant states that he also owns 3570 Walnut Shade Road, but "that property was being rented to individuals unrelated to this case."[5]

4. On April 15, 2025, the State filed a response to Defendant's motion. The State contends, in relevant part, that Defendant lacks standing to complain of the search because he did not have a reasonable expectation of privacy in the area searched.[6]

5. The Court heard oral argument on May 12, 2025. Following argument, the Court reserved judgment pending this written decision, concluding that an evidentiary hearing was not necessary to resolve Defendant's motion.

6. An evidentiary hearing was not necessary in this case because the parties do not dispute any fact that would determine the outcome of Defendant's motion. Accepting all of Defendant's factual assertions as true, he lacks standing to

---

[3] Mot. to Suppress ¶ 1.
[4] *Id.* at ¶ 3.
[5] *Id.* at ¶ 4.
[6] Resp. to Def.'s Mot. to Suppress, § III.

challenge the search at issue, and his motion must fail. The Delaware Supreme Court has explained:

> When ruling on a motion to suppress evidence, a court must engage in a two-prong inquiry. First, the court must determine whether the movant has a right to contest the search or seizure. *If he does not, the inquiry ends*, and the evidence will not be suppressed. Only when the movant has standing must the court assess the validity of the police conduct.[7]

7. Even assuming *arguendo* that a search exceeding the scope of the warrant would have been constitutionally infirm, the firearm and any evidence flowing from its discovery should not be suppressed. Defendant lacks standing to object to the search under the Fourth Amendment to the United States Constitution, and Defendant has not made any argument that he has an independent basis for standing under Article I, § 6 of the Delaware Constitution.[8]

8. Under the Fourth Amendment, a party may not generally contest the legality of a search unless he has a reasonable expectation of privacy in the place

---

[7] *Hanna v. State*, 591 A.2d 158, 162 (Del. 1991) (emphasis supplied).

[8] Delaware courts will analyze suppression motions under Article I, § 6 "only when a party produces particular and detailed explanations of why a separate analysis is appropriate." *State v. Brown*, 287 A.3d 1222, 1230 (Del. Super. 2023) (quoting *Backus v. State*, 202 A.3d 1126, 2019 WL 327963, at *3 (Del. Jan. 23, 2019) (ORDER)).

searched.[9]  This is commonly referred to as Fourth Amendment standing.[10]  As federal courts have regularly held, landlords do not have a reasonable expectation of privacy in leased properties because, by renting them to others, they give up the right to exclude others from accessing them.[11]

9.  Moreover, even if Defendant retained a reasonable expectation of privacy in the residence on the adjoining parcel, he did not have such an expectation in the brush under which the gun was found.  In *State v. Fullman*, this Court held that a defendant did not have a reasonable expectation of privacy in the stoop of a multi-unit apartment complex in which he lived because the stoop was not within the curtilage of the defendant's residence.[12]  The Court analogized the stoop to "a

---

[9] *Righter v. State*, 704 A.2d 262, 265 (Del. 1997) (en banc) (citing *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).  Alternatively, a party may object to a search because it violates his property interests. *Everett v. State*, 186 A.3d 1224, 1235 (Del. 2018) (citing *Byrd v. United States*, 584 U.S. 395, 403 (2018)).  Such a violation could be grounded, for instance, on a common law trespass to the defendant's property.  *See generally United States v. Jones*, 565 U.S. 400 (2012).  This second basis for Fourth Amendment standing has no impact here, because the Fourth Amendment protects "houses," rather than real property generally, and intrusions on "open fields" outside the curtilage of the home therefore do not require the suppression of evidence.  *See Florida v. Jardines*, 569 U.S. 1, 6 (2013); *Stone v. Martin*, 720 Fed.Appx. 132, 135 (3d Cir. 2017) (citing *Oliver v. United States*, 466 U.S. 170, 177, 183–84 (1984)).  "That is true even though the officers' entry into the [defendant's] yard might be considered a trespass at common law . . . or might have violated [state] statutory law."  *United States v. Carloss*, 818 F.3d 988, 996 (10th Cir. 2016) (citing *Oliver*, 466 U.S. at 183–84; *United States v. Hatfield*, 333 F.3d 1189, 1198–99 (10th Cir. 2003)).  For the reasons stated in paragraph 9 of this order, the officers did not intrude on the curtilage of Defendant's home, and the mere fact that he owned the leased parcel adjoining his home does not make that parcel a Fourth Amendment adjunct to his "house."
[10] *See U.S. v. Stearn*, 597 F.3d 540, 551 (3d Cir. 2010).
[11] *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 545 (6th Cir. 2003) (homeowner did not have a reasonable expectation of privacy in basement apartment); *Marcavage v. Borough of Lansdowne, Pa.*, 826 F.Supp.2d 732, 741 (E.D. Pa. 2011) ("Courts have . . . held that a landlord does not have a reasonable expectation of privacy with respect to individual apartments leased to third parties, simply on the basis that the landlord owns the apartments.") (collecting cases), *aff'd on other grounds*, 493 Fed.Appx. 301 (3d Cir. 2012); *Miller v. Hassinger*, 173 Fed.Appx. 948, 952 (3d Cir. 2006) ("By [his] own admission, the apartment had been leased . . . .  [Landlord] does not allege that he had access to the apartment, that he stayed in it, or that he maintained personal items there. Thus, [Landlord] has set forth no basis from which a reasonable factfinder could conclude that [he] had a privacy interest in the apartment that was violated by the search.").
[12] 319 A.3d 346, 362 (Del. Super. 2024).

common yard or parking lot open to the public," and noted that "'[b]ecause of the number of residents and guests visiting a multiple-occupancy residence,' there is no justified expectation of privacy" in such spaces.[13]  Although it is unlikely that the yard space at issue in this case is as highly trafficked as those areas referenced in *Fullman*, the logic the Court employed in that case is applicable here:  Defendant's tenants and their guests had access to the yard, regardless of whether it was reserved exclusively for their use or shared with him, and he did not, therefore, have a reasonable expectation of privacy in that space.  In *United States v. Maestas*, the Tenth Circuit reached precisely this conclusion as to an enclosed garbage area shared by three tenants and accessible by the landlord.[14]

**10.**  Since Defendant lacks standing to contest the search, the Court need not assess whether the search was lawful.[15]  Thus, the Court will not evaluate whether the search for and seizure of the firearm exceeded the scope of the warrant, or whether a search beyond the scope of the warrant would have been legal under these facts.

**11.**  In sum, by leasing the parcel adjoining his home to a third party, Defendant lost his reasonable expectation of privacy in that parcel.  Even if this were not the case, because the open area in which the gun was found was accessible to third parties including Defendant's tenant and guests, he still would not have held a reasonable expectation of privacy.  Thus, Defendant lacks standing to object to the search for and seizure of the gun and any evidence flowing from the search or seizure.

**WHEREFORE,** in light of the foregoing considerations, Defendant Frank J. Schultz, Sr.'s motion to suppress is **DENIED.**

---

[13] *Id.* (quoting *Lease v. Tyler*, 2008 WL 2673381 (M.D. Pa. June 30, 2008))(alteration in original).
[14] 639 F.3d 1032, 1037–39 (10th Cir. 2011).
[15] *Hanna*, 591 A.2d at 162.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc: Prothonotary
cc: Counsel of Record